# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.** | : | No. 3:09cv1006 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **LOFTS AT THE MILL, L.P.,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court is plaintiff's motion for summary judgment (Doc. 15). Having been briefed, the matter is ripe disposition.

**Background**

This case involves a loan made to the defendant and secured by a mortgage and an additional security interest on furniture, fixtures and other things at the mortgaged premises, 700, 800 and 900 James Avenue, Scranton, Pennsylvania, executed by the defendant in this action. Plaintiff alleges that defendant is in default on this loan because it has not made payments due on the account. Defendant therefore seeks foreclosure and sale of the James Avenue property and a judgement in its favor for the amount due under the loan agreement.

Plaintiff filed the instant mortgage foreclosure action on May 28, 2009. (See Doc. 1). Defendant answered the complaint, and the parties engaged in discovery. At the close of discovery, plaintiff filed the instant motion. The parties briefed the issue, bringing the case to its present posture.

**Jurisdiction**

The plaintiff is a national banking association organized under United States law and has its principal place of business in California. Defendant is a Pennsylvania limited partnership with its principal place of business in Pennsylvania. The amount in controversy exceeds $75,000. The court therefore has jurisdiction pursuant to 28 U.S.C. § 1332. Because the court is sitting in diversity, the law of Pennsylvania shall apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The

burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986).

**Discussion**

This action is one in mortgage foreclosure. In Pennsylvania, "[i]n an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1997). If these conditions are met, summary judgment is appropriate "even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." Id.

Here, the defendant agrees that it has defaulted on the mortgage and summary judgment on plaintiff's foreclosure action is appropriate. (See Defendant's Brief in Opposition (Doc. 19) at 3). Defendant disputes, however, the exact amount owed in the action and argues that summary judgment is inappropriate as to the plaintiff's damages. Plaintiff submits an affidavit from Scott Bukhair, a servicing officer for Centerline Servicing, Inc., special servicer of the loan at issue in this

3

matter.[1] (See Affidavit of Scott Bukhair, Exh. 1 to Plaintiff's Motion for Summary Judgment (Doc. )). Bukhair alleges that, as of January 1, 2010, defendant owes $16,103.479.52 on the debt, late charges, interest and various fees, as well as additional ongoing interest. (Id. at ¶ 7). Defendant submits the affidavit of Gerard P. Joyce, sole general partner of Defendant Lofts at the Mill to challenge these allegations. (See Doc. ). Joyce attests that the amount owed on the loan is $15,827,533, and that ongoing interest charges are lower than Bukhair alleges.[2] (Id. at ¶ 3).

The court finds that there is a dispute of fact over the plaintiff's damages in this case and that a hearing on that matter is necessary. As such, the court will grant the motion for summary judgment as it pertains to plaintiff's foreclosure action and deny it as it pertains to the damages owed by the defendant.

**Conclusion**

For the reasons stated above, the court will grant the plaintiff's motion for summary judgment as it pertains to the foreclosure action and deny it as it pertains

---

[1] Bukhair describes the debt as follows: Principal: $12,800,000.00; Interest: $976,558.22; Late Charges: $62,799.90; Default Interest: $968,533.34; Prepayment Premium: $2,407,249.67; Servicer Fees: $300.00; Property Protection Advances: $34,547.28; Credit for Suspense and Reserve Funds on Deposit: ($1,146,508.89); Total: $16,103, 508.89; per diem regular interest from and after 1/02/10: $2,136.89; per diem default interest from and after 1/02/10: $1,422.22

[2] Joyce describes the debt as follows: Loan Amount: $12,800, Less: Reserve: $800,000, Principal: $12,000,000; Interest: $915,523; Late Charges: $58,875; Default Interest: $908,000; Prepayment premium: $2,256,797; Service Fees: $300; Property Protection Advances: $34,547; Credit for Escrow: $(346,509); Funds on Deposit Total: $15,827,533; Per Diem Regular Interest from and After 1/02/10: $2,003.33; Per Diem Default Interest from and After 1/02/10: $1,333.33.

4

to the specific amount plaintiff seeks in damages. The court will schedule a hearing to determine the damages. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.** | : | No. 3:09cv1006 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **LOFTS AT THE MILL, L.P.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 6th day of April 2010, the plaintiff's motion for summary judgment (Doc. 15) is hereby **GRANTED** in part and **DENIED** in part, as follows:

1. The motion is granted as it pertains to plaintiff's foreclosure action; and

2. The motion is denied as it pertains to the damages owed by defendant to plaintiff.

                                    **BY THE COURT:**

                                    **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**